**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4721**

———————

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

JOHN LOCKE HAMBY, JR.,

　　　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.　James P. Jones, District Judge.　(1:10-cr-00035-JPJ-PMS-1)

———————

Submitted:　February 16, 2012　　　Decided:　February 22, 2012

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.　Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Lucas E. Beirne, Third Year Law Intern, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Locke Hamby, Jr., appeals from the 324-month sentence imposed for his conviction of receipt of visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) & (b)(1) (2006). On appeal, he raises two issues: (1) whether the district court abused its discretion by rejecting his contention that a fifteen-year sentence was sufficient because his age had reduced his likelihood of reoffending; and (2) whether the district court's sentencing enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b)(7)(D) (2010) was invalid because the enhancement was promulgated directly by Congress and therefore contrary to Mistretta v. United States, 488 U.S. 361 (1989). For the reasons that follow, we affirm.

We find no abuse of discretion in the district court's rejection of Hamby's contention that his age would significantly reduce his likelihood of reoffending, such that he only needed a fifteen-year sentence. Gall v. United States, 552 U.S. 38, 49 (2007) (stating review standard); United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (same). Moreover, we note that Hamby's 324-month sentence was within his properly-calculated advisory sentencing range of 324-405 months and is therefore entitled to an appellate presumption of reasonableness. Rita v.

2

United States, 551 U.S. 338, 347 (2007); United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

Next, we note that USSG § 2G2.2(b)(7)(D) increases a defendant's base offense level by five if the offense involved 600 or more images. That Congress, rather than the Sentencing Commission, promulgated this enhancement is without moment. Contrary to Hamby's arguments, Mistretta does not assist him. Mistretta considered whether Congress' delegation to an independent Federal Sentencing Commission of the authority to promulgate the Sentencing Guidelines violated the separation-of-powers doctrine; the Court held that it did not. Mistretta, 488 U.S. at 371. Rather, Mistretta states that "the Commission is fully accountable to Congress, which can revoke or amend any or all of the Guidelines as it sees fit." Id. at 393-94. The Seventh and Eight Circuits have specifically rejected Hamby's argument. United States v. Rodgers, 610 F.3d 975, 977-78 (7th Cir. 2010); United States v. Bastian, 603 F.3d 460, 464-65 (8th Cir. 2010).

Accordingly, we affirm Hamby's sentence. We dispense with oral argument as the facts and legal contentions are adequately addressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3